# Lammot, Appellant, v. Home of the Merciful Saviour.

*Wills—Perpetuities—Trusts and trustees—Estate in fee tail.*

Where a marriage settlement made in 1808 creates a trust for the wife for her sole and separate use with power of appointment by will, and the wife who died in 1842, left a will by which she gave a ground rent in trust for her husband for life, then over in trust to a grandson "for his use during his life, and from and after her decease or his lawful issue then living" with a further provision that if the gift to the grandson exceeded her legal power of appointment, then to him in fee, and the grandson dies in 1915, leaving children, such children are not entitled to the ground rent, on the theory that their father was vested with an estate in fee tail under his grandmother's will. The gift to him under the attempted exercise of the power was illegal as violating the rule against perpetuities, and he took under the other clause vesting in him a fee.

The case is distinguished from Eichelberger v. Barnitz, 9 Watts 447, because the will provides for a gift over in trust, and fixes a particular time when it should terminate (the death of the grandson), and specifies definite persons as a class to whom the estate should go (the grandson's lawful issue then living).

Argued Oct. 4, 1917. Appeal, No. 163, Oct. T., 1917, by plaintiffs, from judgment of C. P. No. 3, Philadelphia Co., June T., 1916, No. 929, for defendant on case stated in suit of Daniel Lammot and Elizabeth B. H., his wife, Henry McKean Hazlehurst, Edmund C. Taylor and Alice H., his wife, v. Home of the Merciful Saviour for Crippled Children. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Case stated on an interpleader to determine the ownership of a ground rent.

FERGUSON, J., filed the following opinion:

This is an interpleader framed to determine the ownership of a yearly ground rent in the sum of $300 issuing

out of a lot of ground on Market street in the City of Philadelphia.

Samuel Hazlehurst and Elizabeth, his wife, executed a deed of marriage settlement, dated February 17, 1808, by which they conveyed to Isaac Hazlehurst and others certain real estate in trust for the sole and separate use of Elizabeth, with power of appointment by will; also with power, with the consent of the trustees, to revoke any trust and to declare other trusts, and also with their consent to convey any of the real estate in fee simple or for any less estate, with or without reservation of ground rent, any such rent reserved to be subject to the same uses and trusts as the land and tenements so granted stood charged with.

On October 1, 1809, the trustees and Elizabeth granted a lot of ground on Market street to Alexander Hampton and Thomas Tomkins, reserving the yearly rent in controversy. Elizabeth died January 20, 1842, during the lifetime of her husband, leaving a will dated January 18, 1840, wherein she attempted to exercise the power of appointment contained in the deed of trust. By this will she gave the ground rent to her executors in trust for her husband, Samuel, during his life and after his death in trust for her grandson, James Wright Hazlehurst. Samuel died July 9, 1849. James died July 7, 1915, leaving to survive him three children, Elizabeth Borie Hazlehurst, born June 1, 1861, intermarried with Daniel Lammot; Henry McKean Hazlehurst, born December 27, 1867, and Alice M. Hazlehurst, born May 20, 1871, intermarried with Edmund C. Taylor. James by his will devised the residue of his estate, including said ground rent, to the Home of the Merciful Saviour for Crippled Children. The plaintiffs in the interpleader are the children of James, and the defendant is the devisee under his will. The will having been probated before the passage of the Act of 27th of April, 1855, P. L. 368, it is contended on behalf of plaintiffs that James took an estate tail in the ground rent, which, upon his death, vested in his chil-

dren in tail. On behalf of defendant it is contended that James took a fee simple, and the ground rent therefore passed under his will.

The entire estate over which Elizabeth had power to appoint, including the ground rent, was devised to her executors in trust for her husband Samuel for life. After his death the ground rent was to be held in trust for James for life "and from and after his decease in trust for his lawful issue then living, in such shares and for such estates as the said issue would have taken if my said grandson had died intestate, seized of an estate in fee simple in the said rent charge, and for want of such issue, then in trust for the sole and separate use of" six children of testatrix and their respective heirs share and share alike. The said testatrix further provided: "Finally, if for any cause the devises and bequests in favor of my son John, and my said grandson for life, with remainder to their appointees and issue respectively, shall be found upon principles of law to exceed my power in the premises then I do direct limit appoint and give the said share and the said ground rent respectively, to my said son and grandson respectively their respective heirs, executors and administrators forever, and not merely for life as aforesaid." The reference to the son John relates to other provisions in the will not involving the ground rent in question.

Elizabeth did not have absolute control over the disposition of the property. She could exercise the appointment by will or deed only during coverture, and if by deed only with the consent and approbation of one or more of the trustees. The remoteness of the estate appointed by her under her will must therefore be measured from the time of the creation of the power in the original deed: Lawrence's Est., 136 Pa. 354.

What was the nature of the estate limited by her will? It is contended that it was an estate tail and Eichelberger v. Barnitz, 9 Watts 447, is cited as authority for this contention. In that case the Supreme

Court repeated the rule then declared to be settled, that if a devise be made to one in fee and if he die without issue, or on failure of issue, or for want of issue, or without leaving issue, then over to another in fee, the estate of the first taker is a fee tail, which if he have issue, passes to them ad infinitum by descent as tenants in tail.

The same opinion, however, states important exceptions to the rule. Where the contingency is, if the first taker die without issue before arriving at the age of twenty-one, or if he die unmarried and without issue, or if he die without leaving issue behind him, or living at the time of his decease, the testator has been considered as meaning a failure of issue within a fixed period and not an indefinite failure of issue. See also Lee v. Sanson, 245 Pa. 392. In the case at bar (aside from the fact that James did not take an estate in fee, but only an equitable estate), the will provides for the gift over in trust for his issue living at the time of his death. In our opinion this takes the case out of the general rule stated in Eichelberger v. Barnitz and brings it within the exception, because a particular time is fixed (that is the time of the death of James), and definite persons as a class are selected (that is the issue living at that time). The estate taken by James was therefore not an estate tail. If it was not, his children could be held to take only by disregard of the rule against perpetuities. The trust created in 1808 was for the life of Elizabeth. By her will she appointed the estate for her husband for life and after his death for her grandson, James, for life. She, her husband and James were the only persons who could come within the limitation of lives in being and twenty-one years after. The estate had to vest under the rule against perpetuities within twenty-one years after the death of Samuel, the survivor of Elizabeth. Samuel died in 1849. Whether the three children of James were born within twenty-one years after the death of Samuel, or not, is unimportant. The question is not who might have taken but who must have taken. There was no gift

to these children within a period of twenty-one years after the death of the survivor of Samuel and Elizabeth, but the gift to them was not to take place until after the death of James, which occurred in 1915. Measuring from the date of the original instrument in 1808, we have an estate which finally was to vest in 1915, after a life estate in one who was not in being at the time of the creation of the trust and who has been in the enjoyment of the income for sixty-six years after the death of the last life in being. It is beyond question a gift over after this life estate is invalid.

Anticipating this possibility, the testatrix provided that if it should be found upon principles of law that she had exceeded her powers, she gave the ground rent to her grandson James absolutely, and he by his will devised the same to the defendant in this interpleader. Judgment must therefore be rendered for the defendant.

*Error assigned* was in entering judgment for defendant.

*C. Berkley Taylor,* for appellants.—The principal has now become a settled rule of property, in relation to lands, that if a devise be made to one in fee, and if he die without issue, or on failure of issue, or for want of issue, or without leaving issue, then over to another in fee, the estate of the first taker is a fee tail, which if he have issue passes to them ad infinitum by descent as tenants in tail: Eichelberger v. Barnitz, 9 Watts 447; Langley v. Heald, 7 W. & S. 96; Taylor v. Taylor, 63 Pa. 481; Hackney v. Tracy, 137 Pa. 53; Stouch v. Zeigler, 196 Pa. 489; Beckley v. Riegert, 212 Pa. 91; Sechler v. Eshleman, 222 Pa. 35; Reinhart v. Lantz, 37 Pa. 488.

Estates tail descend in Pennsylvania according to the common law: Guthries' App., 37 Pa. 9.

The trust created in the present case, if it ever was an active trust, has become dry. There never were any active duties either to invest or to collect and pay over.

The trust was for the use of the grandson for life and after his death for his lawful issue then living, and for want of such issue (then living), for the sole and separate use of testatrix's five daughters and son Isaac. (All since deceased.) The trust became dry on the death of James W. Hazlehurst, leaving issue: Haldeman v. Haldeman, 40 Pa. 29; Yarnall's App., 70 Pa. 335; Marsh v. Platt, 221 Pa. 431; Ogden's App., 70 Pa. 501.

*Charles Sinkler*, for appellee.—The remoteness of an interest created under a general power of appointment is to be measured from the time of the exercise of the power: Mifflin's App., 121 Pa. 205; Lawrence's Est., 136 Pa. 354; Cox v. Dickson, 256 Pa. 510.

A limitation in a deed or will creating an estate is invalid on account of the rule against perpetuities unless such estate must vest within lives in being and twenty-one years thereafter, and it is not sufficient that the estate may by some possibility vest within the prescribed period of the rule: Donohue v. McNichol, 61 Pa. 73; Gaerber's Est., 196 Pa. 366; Taylor v. Taylor, 63 Pa. 481.

The word "issue" in the devise to the issue of James living at his death is a word of purchase and not of limitation.

In two comparatively recent decisions the Supreme Court of this State has decided that, where the word "issue" denotes a class to be determined at a particular time, it must be considered as a word of purchase. The facts of these two cases are practically identical with the facts of the present case: Stout v. Good, 245 Pa. 383; Lee v. Sanson, 245 Pa. 392.

Opinion by Head, J., March 2, 1918:

The deed of marriage settlement between one Samuel Hazlehurst and Elizabeth, his wife, was executed in 1808. By virtue of it, there was conveyed to trustees named certain real estate "in trust for the sole and separate use of Elizabeth (the wife) with power of appoint-

ment by will." In 1809 the trustees and the said Elizabeth conveyed a lot of ground in the City of Philadelphia reserving the annual rent, the ownership of which is the question in controversy between the parties. Elizabeth, the wife of the settlor, died in 1842 during the lifetime of her husband, having first made her will in which she exercised or attempted to exercise the power of appointment created by the deed of settlement. By this will she gave the ground rent in question to her executors in trust for her husband, Samuel, during his life and at the expiration of that life estate, then over to her grandson, James W. Hazlehurst, "for his use during his life and from and after his decease for his lawful issue then living," etc. The grandson of the testatrix lived until the year 1915, when he died leaving to survive him several children, the plaintiffs in the present action. Their claim rests on the proposition that their father, James, under the will of his grandmother, took an estate in fee tail. It was held by the learned court below that no such estate was created and that the nominal devise over at the death of James contained in the will would violate the law against perpetuities. His Honor, Judge FERGUSON, in the court below, filed a learned opinion which, as we view it, furnishes convincing reasons for the conclusion reached. After discussing the case of Eichelberger v. Barnitz, 9 Watts 447, the learned judge says: "In the case at bar the will provides for the gift over in trust for his issue living at the time of his death. In our opinion this takes the case out of the general rule stated in Eichelberger v. Barnitz and brings it within the exception, because a particular time is fixed (that is the time of the death of James) and definite persons as a class are selected (that is the issue living at that time). The estate taken by James was therefore not an estate tail. If it was not, his children could be held to take only by a disregard of the rule against perpetuities." The opinion then proceeds by a line of reasoning to which we can see

no successful answer to establish the proposition above stated.

Being satisfied as we are the conclusion reached by the court below was correct, we shall not attempt to elaborate further the interesting question presented in an admirable way in the brief of the learned counsel for appellants.

The assignments of error are overruled.

Judgment affirmed.